PROB 12B  
(7/93)

Report Date: November 21, 2007

# United States District Court

for the

## Eastern District of Washington



### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Ronald L. Burger                           Case Number: 2:03CR00149-001

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley, Chief U.S. District Judge

Date of Original Sentence: 03/03/2005                    Type of Supervision: Supervised Release

Original Offense: Conspiracy to Commit Wire Fraud, 18 U.S.C. §§ 371 and 1343         Date Supervision Commenced: 09/28/2007

Original Sentence: Prison - 37 Months; TSR - 36 Months         Date Supervision Expires: 09/27/2010

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

22.  I agree to sell the following vehicles: 1957 Ford Ranchero VIN #WA7660255, 1969 Dodge Charger VIN# XP29F9G241100, 1977 Ford Ranchero VIN# 7A48S165506, 1989 Mercedes VIN# WDBBA48D1KA101788, 1966 Chevrolet Caprice VIN# 166476A120233, 1968 Pontiac Firebird VIN# 223378U111963, 1964 Chevrolet Impala VIN# 41569J133058 1964 Chevrolet Impala VIN# 41847L188300, 1964 Chevrolet Impala VIN# 41447L175766, 1966 Chrysler Furry NO VIN#.

I further agree to apply all of the proceeds minus the cost of advertising from the sale of the above listed vehicles toward the outstanding balance of restitution. All transactions will occur by use of money order or cashier check, no cash transactions. I will provide all verification of transactions as directed to my supervising U.S. Probation Officer.

## CAUSE

On October 3, 2007, the undersigned officer conducted an unscheduled personal home contact at Ronald Burger's residence. Upon arrival, a large amount of vehicles were observed parked around the residence that were not present when the undersigned had previously been to Mr. Burger's residence for a prerelease investigation or while Mr. Burger was on pretrial supervision. When questioned about the vehicles, Mr. Burger initially indicated he was storing them for a friend. When questioned further, Mr. Burger admitted that he had initially lied to the undersigned officer. He then claimed his wife actually purchased the vehicles for him to work on and sell. At that time, Mr. Burger was directed that he was not to do anything with the vehicles and that he was to provide additional documentation to the undersigned for review. It was learned that Mr. Burger had actually purchased some of the vehicles while he was at work release as a Bureau of Prisons' inmate.

Per Mr. Burger's conditions of release, he is not permitted to work for cash; however, he was attempting to do so by restoring and selling vehicles from his home. He was advised this information would be provided to the Court. Mr. Burger has agreed to sell all of the vehicles at his residence that he purchased while he was serving his sentence imposed by Your Honor. Of concern, is the fact that Mr. Burger was aware of the large amount of restitution he owes, as well as his conditions of supervision, and yet he still attempted to make money that would not have been detected if he had not been monitored by the probation office. Of further concern, is the fact that he lied to the undersigned when confronted regarding this information.

The proposed modification appears appropriate to address this violation conduct and is agreed to by Mr. Burger as evidenced by the attached signed Waiver of Hearing to Modify Conditions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 11/21/07

Richard B. Law
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

November 26, 2007

Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

22. I agree to sell the following vehicles: 1957 Ford Ranchero VIN#WA7660255, 1969 Dodge Charger VIN# XP29F9G241100, 1977 Ford Ranchero VIN# 7A48S165506, 1989 Mercedes VIN# WDBBA48D1KA101788, 1966 Chevrolet Caprice VIN# 166476A120233, 1968 Pontiac Firebird VIN# 223378U111963, 1964 Chevrolet Impala VIN# 41569J133058, 1964 Chevrolet Impala VIN#41847L188300, 1964 Chevrolet Impala VIN# 41447L175766, 1966 Chrysler Furry NO VIN#.

I further agree to apply all of the proceeds minus the cost of advertising from the sale of the above listed vehicles towards the outstanding balance of restitution. All transactions will occur by use of money order or cashier check, no cash transactions. I will provide all verification of transactions as directed to my supervising U.S. Probation Officer.

Witness: _____  Signed: _____
Richard B. Law                                       Ronald L Burger
U.S. Probation Officer                         Probationer or Supervised Releasee

November 20, 2007
Date